IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOEL C. NADLER,

          Plaintiff,

v.

ANDREW MAKI, ANDREA NODOLF,
and JAKE MACK,

          Defendants.

OPINION and ORDER

19-cv-616-jdp

---

JOEL CRAIG NADLER,

          Plaintiff,

v.

BRADLEY JON BRECKNER,

          Defendant.

OPINION and ORDER

19-cv-637-jdp

---

Joel Craig Nadler has removed two state-court cases to this court: a criminal misdemeanor case in which he pleaded no contest to disorderly conduct, *see Wisconsin v. Nadler*, Dunn County Case No. 2018CM322; and a civil case in which the court issued a restraining order against him, *see Breckner v. Nadler*, Dunn County Case No. 2018CV167. Both cases arose from an altercation between Nadler and his neighbor Bradley Jon Breckner, after Breckner complained about Nadler helping another neighbor burn a brush pile.

This court must examine removals of criminal cases to determine whether they should be summarily remanded to state court. 28 U.S.C. § 1455(b)(4). In civil cases I must ensure that the court has subject matter jurisdiction, and I retain the inherent authority to dismiss cases sua sponte. *See, e.g.*, *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307–08 (1989) (*in forma*

*pauperis* statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). I conclude that both cases should be remanded.

Nadler has waited far too long to seek removal. Criminal defendants must seek removal from the earlier of (1) 30 days after arraignment or (2) before trial, unless the defendant can show this court good cause. § 1455(b)(1). From my review of the state's electronic court records at wcca.wicourts.gov, Nadler's initial appearance was July 31, 2018 and he was convicted on February 5, 2019. Nadler filed his notice of removal on July 29, 2019. Nadler does not suggest any reason to find good cause for his removal being at least several months late, nor can I think of a plausible excuse for such a delay.

As for his civil case, the general rule is that it must be removed within 30 days from the date the defendant receives the initial pleading. 28 U.S.C. § 1446(b)(1). Nadler filed his notice of removal on August 2, 2019. Again, Nadler is far too late: the court issued a four-year injunction against Nadler on July 11, 2018.

Timing aside, Nadler doesn't meet the jurisdictional requirements for removal. To remove a state criminal prosecution there must be a basis under 28 U.S.C. §§ 1442 ("Federal officers or agencies sued or prosecuted"); 1442a ("Members of armed forces sued or prosecuted"); or 1443 ("Civil rights cases"). To remove a civil case, a defendant must show either that the case raises a federal question or that or that the parties are completely diverse and the amount in controversy exceeds $75,000.

Nothing in Nadler's notice of removal suggests that his cases fall under any of these categories. Although Nadler's notices of removal are somewhat difficult to understand, I take him to be saying that defendant law enforcement and prosecutorial officials, along with Breckner, violated his constitutional right to due process in those proceedings. But Nadler does not say that his race played any part in the criminal prosecution, which he would need to do before he could rely on § 1443 to remove his criminal case. *Indiana v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997) ("The Supreme Court has interpreted [§ 1443] to apply only if the right alleged arises under a federal law providing for civil rights based on race"). As for Nadler's civil case, the question whether it was proper to issue an injunction against Nadler is a matter of state law. A defendant cannot base federal question jurisdiction on a defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). If Nadler disagrees with the rulings in his state cases, he should file motions in the circuit court or seek appeals in the state court system, although he may find that time has run out for him to do so.

ORDER

IT IS ORDERED that these cases are REMANDED to the Circuit Court for Dunn County, Wisconsin.

Entered August 20, 2019.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge